SAVOY, Judge.
This is a compensation suit. The plaintiff suffered fractures of the tibia and fibula of the right leg. He was employed as a carpenter’s helper for Horace Tweedel, one of the defendants in this suit. Defendants paid weekly compensation to plaintiff from June 4, 1968, the date of the accident, until September 8, 1969, when they received reports from orthopedic surgeons that plaintiff could return to work. Upon refusal to pay further compensation payments, plaintiff filed this suit. The defendants filed a general denial. After a trial on the merits, the district judge found that plaintiff could do the same type of work he had done before the accident, and denied recovery. Plaintiff has appealed.
The only question for determination on appeal is that of disability.
The medical testimony consists of written reports. Dr. R. Luke Bordelon, orthopedic specialist, examined plaintiff and concluded that plaintiff had suffered fractures of the tibia and fibula of the right leg, but there was no evidence of physical impairment other than the shortening of the right lower extremity and some edema of the tibial area. Dr. Bordelon was of the opinion that plaintiff ha.d made a good recovery from the injury and had a 15% physical impairment, but that he should be able to perform activities commensurate with his age and previous occupation.
Plaintiff was also examined by Dr. A. William Dunn, orthopedic surgeon at the Ochsner Clinic in New Orleans. Dr. Dunn was of the same opinion as Dr. Bordelon as to the type of injury. He was also of the opinion that plaintiff had made a good recovery; that he had a 10% disability of his lower right limb; that plaintiff should try to return to work in a somewhat restricted capacity not involving climbing or working at heights.
Dr. John Fruge, general practitioner, examined plaintiff at the request of plaintiff’s attorney. Dr. Fruge saw plaintiff once and then immediately before trial. Dr. Fruge concluded that, “I do not believe that Mr. Guidry can return to full time occupation as a carpenter and feel that he is 50 to 75% disabled as far as carpenter *687 work is concerned.” But Dr. Fruge stated that his findings were essentially those of Dr. Bordelon and Dr. Dunn. These findings do not support his assessment of disability.
The record reveals that plaintiff has done some carpenter work since the injury.
The trial judge concluded from the medical and lay testimony that plaintiff was able to do the same type of work that he did prior to the injury. We agree with the finding of the trial judge.
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.